UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JACKIE M. CUNNINGHAM, in her capacity as personal representative of the Estate of Ronald L. Milhausen, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:07-cv-08033 JWS |
| vs. | ) ) | ORDER AND OPINION |
| WORLD SAVINGS BANK, FSB, | ) ) | [Re: Motion at Docket 7] |
| Defendant. | ) ) ) | |

## I.  MOTION PRESENTED

At docket 7, plaintiff Jackie M. Cunningham, in her capacity as personal representative of the Estate of Ronald L. Milhausen, requests the court to remand this matter to the Yavapai County Superior Court, Probate Division.  At docket 8, defendant World Savings Bank, FSB, opposes the motion.  Plaintiff replies at docket 9.  With the court's leave, defendant sur-replies at docket 11.  Oral argument was heard on November 21, 2007.

## II. BACKGROUND

Ronald Milhausen resided at 5445 Grape Street in San Diego, California, until late August 2004, when he sold his California residence. In October 2004, Milhausen received the funds from the sale of his residence.[1] On November 30, 2004, Milhausen opened a checking account and two certificate of deposit ("CD") accounts with World Savings Bank ("World Savings"), in Prescott, Arizona. Milhausen used his California driver's license as identification to open the accounts and listed his mailing address and the address to be printed on his personal checks as "8886 E. Waco Court, Prescott Valley, Arizona 86314."[2] Milhausen opened all three accounts as individual accounts.[3] In February 2005, Milhausen added Anne Heinkel as a "signor" to his three accounts and changed the ownership of his checking account to joint tenancy with Anne Heinkel.[4]

On March 4, 2005, Milhausen died of end stage liver disease. His death certificate lists his "usual residence" as Yavapai County, Arizona, and his address as "8886 E. Waco Ct., Prescott Valley, Arizona, 86314." The death certificate states that Milhausen lived in Arizona for six months prior to his death, and lists California as his previous state of residence.[5]

---

[1] Doc. 8, exh. 2.

[2] Doc. 8, exh. 3.

[3] Doc. 8, exhs. 3 and 4.

[4] Doc. 1-2, exhs. B and C.

[5] Doc. 8, exh. 7.

On July 18, 2005, Jackie Cunningham initiated probate proceedings for Milhausen's estate in Superior Court of California, San Diego County. In the probate petition, Cunningham declares under penalty of perjury that Milhausen was a nonresident of California and resided at "8886 East Waco Circle, Prescott Valley, AZ 86314" at the time of death.[6] A copy of Milhausen's Last Will and Testament was attached to the petition.[7] Milhausen's will, which was executed on March 24, 2004, contains a "pour over" clause providing that all assets of his estate are to be administered and distributed as part of the trust and further states that it is not his intent to subject the trust to the "jurisdiction and supervision of any Probate Court."[8] On the same day he executed his will, Milhausen established the "Ronald L. Milhausen Trust."[9]

In her petition for letters testamentary, Jackie Cunningham averred that she is the "Trustee of the Ronald L. Milhausen Trust dated March 24, 2004 and is also the Executrix and Personal Representative and the sole beneficiary of the Ronald L. Milhausen Trust."[10] Letters testamentary were issued to Cunningham on March 27, 2006. On May 25, 2007, the Superior Court of California entered a judgment closing the administration of Milhausen's estate.[11] The judgment states that the inventory of the estate consisted of vacant land in California Valley with a value of $8,000.

---

[6]Doc. 8, exh. 8.

[7]*Id.*

[8]*Id.*

[9]Doc. 8, exh. 1.

[10]Doc. 8, exh. 10.

[11]Doc. 8, exh. 11.

On February 22, 2007, Cunningham filed an application for informal ancillary probate of will and appointment of personal representative in Superior Court of Arizona, Yavapai County. In the application, Cunningham states that "[a]t the time of his death, [Ronald Milhausen] was domiciled in Yavapai County, State of Arizona, and owned property in Yavapai County, Arizona."[12] By order dated February 22, 2007, the Last Will and Testament of Ronald L. Milhausen was admitted to informal ancillary probate in Superior Court of Arizona, Yavapai County.[13]

On April 20, 2007, Jackie Cunningham, in her capacity as personal representative of the Estate of Ronald Milhausen, filed a "Petition to Compel World Savings to Restore Estate Assets to Personal Representative" in Superior Court of Arizona, Yavapai County.[14] In her petition, Cunningham alleges that on April 14, 2005, "Anne Heinkel closed the CD Accounts at the World Savings branch in Prescott, Arizona" and that World Savings disbursed all funds in the CD accounts to Heinkel in violation of the account terms and deposit agreement between World Savings and Milhausen. The petition further alleges that "World Savings breached a duty of care owed to the Estate of Ronald L. Milhausen when it wrongfully and negligently disbursed the funds held in the CD Accounts to Anne Heinkel."[15] Plaintiff's petition requests the court to determine that "the funds contained in the CD Accounts were assets of the Estate of Ronald L. Milhausen" and to order "World Savings to pay a sum equal to the

---

[12] Doc. 8, exh. 12.

[13] Doc. 8, exh. 13.

[14] Doc. 1-2.

[15] Petition at 4, doc. 1-2.

full amount of the CD Accounts wrongfully disbursed to Anne Heinkel, plus prejudgment and post-judgment interest...to the Personal Representative of the Estate of Ronald L. Milhausen."[16]  World Savings Bank removed this matter to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### III.  DISCUSSION

Plaintiff moves to remand this proceeding to Yavapai County Superior Court, Probate Division, on three grounds: 1) this court lacks diversity jurisdiction because both parties were citizens of California at the time of decedent's death; 2) the probate exception to federal diversity jurisdiction applies here; and 3) even if the probate exception does not apply, the court should abstain from exercising jurisdiction over this probate-related matter.  The court considers each of plaintiff's arguments below.

**Diversity Jurisdiction**

Federal jurisdiction in this case is premised on 28 U.S.C. § 1332(a), which provides that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  It is undisputed that the amount in controversy exceeds $75,000 and that for purposes of determining diversity, defendant World Savings is a citizen of the state of California because "a federal savings association is deemed to be a citizen only of the state where its home office is located" and World Savings' home office is located in California.[17]

---

[16] Petition at 4, doc. 1-2.

[17] Doc. 1 at 2-3.

At issue is whether Milhausen was a citizen of Arizona at the time of his death. Defendant's notice of removal states that for purposes of determining diversity, plaintiff is a "citizen of the state of Arizona" because the "legal representative of an estate is deemed to have the citizenship of the decedent" and "Milhausen was a citizen of Arizona at the time of death." Plaintiff does not dispute that the legal representative of an estate is deemed to have the citizenship of the decedent, but argues that Milhausen was a citizen of California at the time of his death. Plaintiff further argues that defendant's "bald assertion" that Milhausen was a citizen of Arizona at the time of his death is insufficient to satisfy its burden of establishing diversity.

A natural person's state citizenship is determined by his state of domicile, not his state of residence. "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return."[18] The domicile of a person once established continues until it is superseded by a new one.[19] Because the party asserting diversity jurisdiction bears the burden of proof, defendant has the burden of establishing that decedent changed his domicile from California to Arizona.[20] Defendant argues that plaintiff is judicially estopped from denying that Milhausen was a citizen of Arizona because she has "already sworn to two different courts that Mr. Milhausen was domiciled in Arizona at the time of his death."[21] In the California probate action, plaintiff averred that Milhausen was a "nonresident of California" and

---

[18] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

[19] *Lange v. Penn Mutual Life Insurance Co.,* 843 F.2d 1175, 1179 (9th Cir. 1988).

[20] *Id.*; *Kanter*, 265 F.3d at 857-858.

[21] Doc. 8 at 6.

resided at "8886 East Waco Circle, Prescott Valley, AZ 86314, Yavapai County" at the time of his death.  As indicated above, a person's state citizenship is determined by his state of domicile, not his state of residence.  However, in the application for informal ancillary probate in Arizona, plaintiff represented that "[a]t the time of his death, decedent was domiciled in Yavapai County, State of Arizona, and owned property in Yavapai County, Arizona."

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."[22] "Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'"[23] "The interested party is thus the court in which a litigant takes a position incompatible with one the litigant has previously taken."[24]

In her reply brief, plaintiff argues that the judicial estoppel does not apply here because in an attached declaration she "corrected" her assertion that Milhausen was domiciled in Arizona "based on the full facts she has discovered since she filed her Application" for informal ancillary probate.[25]  In support, plaintiff attaches a declaration in which she states that at the time her attorney prepared the applications for probate in

---

[22]*Risetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996).

[23]*Wagner v. Professional Engineers in California Government*, 354 F.3d 1036, 1044 (9th Cir. 1997) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

[24]*Rissetto*, 94 F.3d at 603.

[25]Doc. 9 at 7.

California and Arizona, plaintiff "did not have the information presently before the Court for purposes of reaching a determination as to the citizenship of Mr. Milhausen."[26] Plaintiff does not state what new information she now possesses.  The only "new" information referenced in plaintiff's declaration is that at the time of his death, Milhausen had a checking account and savings account at San Diego National Bank, and a safe deposit box in California.[27]  Plaintiff does not provide account numbers or balances, if any, for these purported accounts, nor does plaintiff provide any explanation as to why these accounts were not referenced in the California probate action.  Moreover, plaintiff raises the argument that she "corrected" her assertion that decedent was domiciled in Arizona for the first time in her reply brief.   Issues raised for the first time in a reply brief need not be considered by the court.[28]

In the motion before this court, plaintiff has taken a position concerning Milhausen's domicile at the time of death that is clearly incompatible with the position plaintiff has taken in the Superior Court of Arizona.  Plaintiff is judicially estopped from asserting that Milhausen was domiciled in California at the time of his death.

Moreover, defendant has provided sufficient evidence to satisfy its burden of establishing that Milhausen changed his domicile from California to Arizona.  The evidence shows that Milhausen sold his residence in California,  resided at the same home in Arizona for six months prior to his death, opened three accounts in Arizona

---

[26] Doc. 9-3 at 2.

[27] Doc. 9-3 at 3.

[28] *See e.g., United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.")

which appeared to contain the bulk of his estate, had personal checks imprinted with "8886 E. Waco Ct., Prescott Valley, AZ 86314" as his home address, and received mail, including social security checks, at the above address. In addition, it appears that Milhausen was in the final stage of liver disease when he moved to Arizona, and there is no evidence before the court indicating that he intended to return to California. Based on the above evidence, defendant has met its burden of establishing that Milhausen was domiciled in Arizona at the time of death, and the court has proper diversity jurisdiction over this matter.

**Probate Exception**

Plaintiff next argues that even if the court has proper diversity jurisdiction, the "probate exception" applies here. The Supreme Court has recognized a "probate exception" to otherwise proper federal jurisdiction.[29] In *Marshall v. Marshall*, the Supreme Court held in pertinent part:

> ...the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state court probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.[30]

Here, plaintiff's claims for negligence and breach of contract fall far outside the bounds of the probate exception described in *Marshall*. In her petition, plaintiff requests the court to order World Savings "to pay a sum equal to the full amount of the CD

---

[29]*Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)).

[30]*Marshll*, 547 U.S. at 312.

Accounts wrongfully disbursed to Anne Heinkel, plus prejudgment and post judgment interest...to the Personal Representative of the Estate of Ronald L. Milhausen."[31] Plaintiff's request for relief does not require this court to probate a will or administer decedent's estate, nor does it require the court to reach a *res* in the custody of a state court. Rather, plaintiff seeks an *in personam* judgment against World Savings. Moreover, Arizona law clearly limits probate jurisdiction to *in rem* matters and divests Arizona probate courts of *in personam* powers.[32] Accordingly, the probate exception does not apply.

**Abstention**

Finally, plaintiff argues that if the court finds that the probate exception is inapplicable here, the court "should nevertheless exercise its abstention power to remand this matter to state court" because states have a strong interest in probate-related matters and the "state probate court is specifically designed to handle these issues."[33] Plaintiff's argument is unavailing because trial courts, both federal and state, often address breach of contract claims of the type plaintiff alleges. "State probate courts possess no 'special proficiency...in handling [such] issues.'"[34] In her reply brief, plaintiff suggests for the first time that the court should abstain under the *Colorado River* doctrine, which applies "in situations involving the contemporaneous exercise of

---

[31] Petition at 5, doc. 1-2.

[32] *Mims v. Valley National Bank*, 481 P.2d 876, 879 (Ariz. App. 1971) (citing A.R.S. § 14-302).

[33] Doc. 7 at 1, 14-15.

[34] *Marshall*, 547 U.S. at 312.

concurrent jurisdictions, either by federal courts or by state and federal courts."[35]  The *Colorado River* abstention is not appropriate here where there is no concurrent state proceeding, but rather one case that was filed in state court and then removed to federal court on the basis of diversity jurisdiction.[36]

## V.  CONCLUSION

For the reasons set out above, plaintiff's motion to remand at docket 7 is **DENIED**.

DATED at Anchorage, Alaska, this 21st day of November 2007.


                                                /s/ JOHN W. SEDWICK
                                                UNITED STATES DISTRICT JUDGE

---

[35] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

[36] *Tucker v. First Maryland Savings & Loan, Inc.*, 942 F.2d 1401, 1408 (9th Cir. 1991).